UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH D. AGOSTINO,

    Plaintiff,

v.                                    Case No: 2:17-cv-135-FtM-99CM

CITY OF CAPE CORAL, CODE
ENFORCEMENT CITY OF CAPE
CORAL, MARINA SAWICKI,
SUZANNE NAUGHTON,
RICHARD LEON, CAROL RALL
and HAROLD S. ESKIN,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Add Defendants (Doc. 34) and Filing of New Evidence (Doc. 35) filed on November 20, 2017. Plaintiff, who is proceeding *pro se*, seeks to add three new defendants to this case. Doc. 34. He further asks that the Court issue a subpoena to the City of Cape Coral. Doc. 35. Plaintiff does not provide any legal support for his requested relief. Docs. 34, 35.

The Court will deny without prejudice the present motions because they lack legal support. Docs. 34, 35. Nonetheless, because Plaintiff is proceeding *pro se*, the Court advises Plaintiff this time only that Rules 19 and 20 of the Federal Rules of Civil Procedure provide guidance on required and permissive joinder of parties. Rule 45 of the Federal Rules of Civil Procedure concerns appropriate procedures for the issuance of a subpoena.

The Court notes that although Plaintiff is proceeding *pro se*, he "must follow the rules of procedure," and "the district court has no duty to act as a pro se party's lawyer." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011); *Harvick v. Oak Hammock Pres. Cmty. Ass'n Inc.*, No. 6:14-cv-937-Orl-40GJK, 2015 WL 667984, at *2 (M.D. Fla. Feb. 17, 2015). Accordingly, Plaintiff must conduct independent legal research and file an appropriate motion that contains sufficient legal support. *See* M.D. Fla. R. 3.01(a) ("In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request. . . .").

The Court therefore strongly encourages Plaintiff to attempt to retain counsel admitted to practice before this Court to assist him with litigating this matter. *See Schebel v. Charlotte Cnty.*, 833 F. Supp. 889, 890 (M.D. Fla. 1993) ("strenuously" encouraging pro se plaintiff in civil action to retain legal counsel); see also *Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-CIV, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11, 2012) (encouraging pro se plaintiff to "retain legal counsel and, failing that, to diligently research how to prosecute" a case in federal court because pro se parties are responsible for discovery, complying with scheduling orders and following federal and local rules).

While the Court recommends that Plaintiff retain counsel, in the event he is unable to do so, before preparing any further pleadings, Plaintiff is encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at

www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer." There is also a link that will direct Plaintiff to an interview process that will help him with producing an amended complaint. Additionally, Plaintiff may access several forms, which are be available to *pro se* litigants in federal court. Specifically, the following website, http://www.uscourts.gov/forms/pro-se-forms, contains sample Complaint forms. Plaintiff is encouraged to utilize these resources in drafting any related motions so that he may properly set forth his claims and requests for relief to the Court.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Add Defendants (Doc. 34) is **DENIED without prejudice**.

2. Plaintiff's Filing of New Evidence (Doc. 35) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties