UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH D. AGOSTINO,

       Plaintiff,

v.                      Case No: 2:17-cv-135-FtM-99CM

CITY OF CAPE CORAL, CODE
ENFORCEMENT CITY OF CAPE
CORAL, MARINA SAWICKI,
Mayor, SUZANNE NAUGHTON,
Code Enforcement, RICHARD
LEON, Code Enforcement
Manager, CAROL RALL,
Supervisor, and HAROLD S.
ESKIN, Special Magistrate,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's
Motion to Dismiss Amended Complaint (Doc. #29) filed on August 25,
2017. Plaintiff filed a Statement of Record Evidence Disability
Discrimination: U.S. Supreme Court Cases (Doc. #33) on November
20, 2017, which the Court will treat as a response.[1] For the
reasons set forth below, the motion will be granted.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint
must contain a "short and plain statement of the claim showing

_____

[1] On October 2, 2017, plaintiff was granted an extension of
time to respond to the motion until November 20, 2017. (Doc. #32.)

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
This obligation "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not
do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citation omitted). To survive dismissal, the factual allegations
must be "plausible" and "must be enough to raise a right to relief
above the speculative level." Id. at 555. See also Edwards v.
Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires
"more than an unadorned, the-defendant-unlawfully-harmed-me
accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must
accept all factual allegations in a complaint as true and take
them in the light most favorable to plaintiff, Erickson v. Pardus,
551 U.S. 89 (2007), but "[l]egal conclusions without adequate
factual support are entitled to no assumption of truth," Mamani v.
Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).
"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." Iqbal,
556 U.S. at 678. "Factual allegations that are merely consistent
with a defendant's liability fall short of being facially
plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th
Cir. 2012) (citations omitted). Thus, the Court engages in a two-
step approach: "When there are well-pleaded factual allegations,

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On March 6, 2017, plaintiff filed his original Complaint (Doc. #1) against the City of Cape Coral, Code Enforcement for the City of Cape Coral, the Mayor of Cape Coral, two employees of Code Enforcement, and a Special Magistrate. On July 28, 2017, before plaintiff elected to pay the filing fee, the Magistrate Judge reviewed the original complaint for sufficiency pursuant to 28 U.S.C. § 1915(a), and found that it failed comply with Federal Rule of Civil Procedure 8, and failed to present a plausible legal claim. Plaintiff was provided the opportunity to file an amended complaint and "encouraged to visit" the Court's website for assistance. (Doc. #21.) On August 21, 2017, plaintiff paid the filing fee and filed an Amended Complaint (Doc. #25).

Along with the Amended Complaint, plaintiff filed a separate document entitled Amended Complaint Statement of Claims (Doc. #26) asserting a First Claim for Relief under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment to the United States Constitution without further detail. The Court will read the documents together. The Amended Complaint itself is only two pages, and plaintiff did not reattach copies of the exhibits that were attached to the original Complaint. The Court will also

consider those as if incorporated into the Amended Complaint by reference.

In the Amended Complaint, plaintiff alleges that the Code Enforcement City of Cape Coral entered his property without a warrant in violation of the Fourth Amendment of the U.S. Constitution. Plaintiff also cites the Florida Constitution. Plaintiff states that damages are still accumulating because unlawful hearings are still being held and fines levied. Plaintiff alleges that the City of Cape Coral, Code Enforcement, and "its corrupt enforcers" are liable for damages. Plaintiff also argues that the Americans with Disabilities Act (ADA) requires a reasonable modification because he is disabled, and that his civil rights as a disabled person are being denied. Plaintiff makes no specific factual allegations as to the City, Code Enforcement, or the individuals named in the caption.

In plaintiff's Statement of Record Evidence (Doc. #33), construed as a response, plaintiff states that Code Enforcement denied him a modification before a "magistrate who is bought and paid for by the counsel", which is an act of conspiracy. Plaintiff also states that his vehicles were taken from his yard and auctioned by Code Enforcement even though he is a disabled Veteran, and he was threatened with jail if he didn't comply. None of these statements are contained in the Amended Complaint, and neither is the referenced "evidence that has been filed by me in this case."

Attached to the original Complaint are: (1) a Notice of Violation indicating that a violation of Cape Coral Code 3.12.6 had occurred at the listed address on September 22, 2016, and that the boat and trailer must be stored behind the house within 5 days from receipt of notification; (2) an Acknowledgement of Receipt indicating that a Notice of Hearing for April 20, 2017, was posted at the address on March 3, 2017 by Code Enforcement Officer Suzanne Naughton; and (3) a Notice of Hearing setting the public hearing before Cape Coral Code Compliance Special Master Harold S. Eskin, which decision can be appealed. (Doc. #1-1.)

### III.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id. Construed liberally, plaintiff alleges a claim under Section 1983, and under the ADA.

**Section 1983**

Under Section 1983, any person who under color of state law subjects a citizen "to the deprivation of any rights, privileges,

5

or immunities secured by the Constitution and laws," is liable. 42 U.S.C. § 1983. This requires a showing of a state action, or an act under color of state law attributable to the state that caused the deprivation of a federal right. <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 156 (1978). To sue the City of Cape Coral, a "municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) (emphasis in original). To prevail, plaintiff must establish a policy, custom, or practice that caused a deprivation of plaintiff's rights. <u>Hoefling v. City of Miami</u>, 811 F.3d 1271, 1279 (11th Cir. 2016).

Plaintiff alleges a Section 1983 violation by defendants in violation of the Fourth Amendment, but refers to Code Enforcement and the City in a generic fashion without identifying how any of the named individuals violated plaintiff's civil rights. Further, the Amended Complaint and Amended Complaint Statement of Claims fail to set forth any factual basis for a civil rights violation by any of the defendants. For example, the existence of the code violation was gleaned entirely from the attachments to the original complaint but the nature of the violation, what transpired, and what actions plaintiff took in response to the violation under color of law are not in the Amended Complaint, and remain unknown.

Plaintiff alleges that Code Enforcement entered his property without a warrant but plaintiff does not allege why a warrant was required to enforce the Ordinance. The alleged seizure identified in the Statement of Record Evidence is not included in the Amended Complaint. Further, plaintiff does not specify how each named defendant participated in the violation of his civil rights. As currently pled, plaintiff fails to state a claim under Section 1983, and the motion to dismiss is due to be granted.

**ADA**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "In order to state a claim for violation of Title II of the ADA, 'the plaintiff must show disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability.'" Grimes v. Florida, 71 F. Supp. 3d 1319, 1323 (M.D. Fla. 2014) (quoting Kornblau v. Dade Cnty., 86 F.3d 193, 194 (11th Cir. 1996) (citation omitted)).

Plaintiff loosely references the ADA but does not indicate his specific disability, what benefit he was denied, or who or how he was discriminated against based on his disability. The motion

to dismiss must be granted as to any claim under the ADA for failure to state a claim.

## IV.

Plaintiff will be provided the opportunity to file a "Second Amended Complaint", which may include any additional defendants that plaintiff had intended to add to the amended complaint.[2] All allegations should be contained in a single document, and supporting documents should be attached as exhibits to the second amended complaint.

The second amended complaint must allege facts supporting each of plaintiff's claims and name all parties he wishes to name as defendants. In doing so, plaintiff must specify the actions of each defendant individually without lumping defendants together as a collective defendant taking a collective action. Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Id.

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing

---

[2] On November 21, 2017, plaintiff's Motion to Add Defendants was denied without prejudice for lack of legal support. (Doc. #36.)

a *pro se* complaint that are provided on the Court's website, at
http://www.flmd.uscourts.gov/pro_se/default.htm.  The website has
tips, answers to frequently-asked questions, and sample forms.
There is also a link that, through a series of questions, may help
Plaintiff generate the second amended complaint.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. #29) is
**GRANTED** and the Amended Complaint is **dismissed without prejudice**
to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of
this Opinion and Order in compliance with the directives above.
**The failure to file a Second Amended Complaint will result in the**
**closure of the case without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of
December, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record