UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH D. AGOSTINO,

    Plaintiff,

v.                                    Case No: 2:17-cv-135-FtM-99CM

CITY OF CAPE CORAL, CODE
ENFORCEMENT CITY OF CAPE
CORAL, MARINA SAWICKI,
Mayor, SUZANNE NAUGHTON,
Code Enforcement, RICHARD
LEON, Code Enforcement
Manager, CAROL RALL,
Supervisor, and HAROLD S.
ESKIN, Special Magistrate,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant City of Cape Coral's Motion to Dismiss for Failure to State a Claim (Doc. #39) filed on December 29, 2017. Plaintiff filed a Response in Opposition (Doc. #410) on January 31, 2018.[1] For the reasons set forth below, the Motion is granted with leave to amend.

**I.**

On March 6, 2017, plaintiff *pro se* Joseph D. Agostino filed his original Complaint (Doc. #1) against the City of Cape Coral, Code Enforcement for the City of Cape Coral, the Mayor of Cape

---

[1] On January 17, 2018, plaintiff was granted an extension of time to respond to the motion until January 31, 2018. (Doc. #40.)

Coral, two employees of Code Enforcement, and a Special Magistrate for violations of his civil rights. On July 28, 2017, before plaintiff elected to pay the filing fee, the Magistrate Judge reviewed the original complaint for sufficiency pursuant to 28 U.S.C. § 1915(a), and found that it failed comply with Federal Rule of Civil Procedure 8, and failed to present a plausible legal claim. Plaintiff was provided the opportunity to file an amended complaint and "encouraged to visit" the Court's website for assistance. (Doc. #21.) On August 21, 2017, plaintiff paid the filing fee and filed an Amended Complaint (Doc. #25) and an Amended Complaint Statement of Claims (Doc. #26).

On December 6, 2017, the Court granted defendant's Motion to Dismiss the Amended Complaint for failure to plead sufficient allegations, with leave to file a Second Amended Complaint. (Doc. #37.) In that Order, the Court noted that plaintiff did not specify how each named defendant participated in the violation of his civil rights and failed to indicate how he was discriminated against based on his disability. The Court informed plaintiff that the Second Amended Complaint must specify the actions of each defendant individually without lumping defendants together and each claim must be stated in a separate count. (Id. at 8.)

Plaintiff filed a Second Amended Complaint on December 20, 2017 (Doc. #38), alleging that the Code Enforcement City of Cape Coral entered his property without a warrant in violation of the

Fourth, Fifth[2], and Fourteenth Amendments of the U.S. Constitution. Plaintiff also names numerous other Cape Coral officials and employees of the City's Department of Community Development, sued in their individual and official capacities. Plaintiff also cites the Florida Constitution. Plaintiff further alleges that defendants violated the Americans with Disabilities Act (ADA) by denying him easy access to his boat, which plaintiff states is therapeutic for him.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

---

[2] Plaintiff improperly raises the Fifth Amendment. Civil rights claims brought against state actors are available only under the Fourteenth Amendment. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015) (noting that the Fifth Amendment protects a citizen's rights against infringement by the federal government, not by state government). The amended complaint should not include any Fifth Amendment claim.

This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (pro se) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a

pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

**III.**

Plaintiff's claims stem from Code Enforcement Officer Suzanne Naughton's entry onto his residential property in Cape Coral to post ordinance violations. (Docs. ##38, pp. 3-4; 38-2; 38-3, Notices of Violation.) Plaintiff's boat was parked in his driveway in violation of Cape Coral Municipal Ordinance 3.12.6, which requires that any boat or boat trailer be stored behind a home. (Doc. #38-2.) Plaintiff alleges that he is disabled and he must park his boat in front of his house in order to hitch the boat to his vehicle. He also alleges that being able to see the boat is therapeutic to him and "no trespass" signs were posted throughout his property.

The Second Amended Complaint still lumps all defendants together and fails to set forth how *each defendant* violated plaintiff's civil rights into separate counts. For example, plaintiff states that Special Magistrate Harold Eskin heard testimony and ruled against him, but fails to state how his actions violated plaintiff's rights. Furthermore, the Second Amended Complaint includes a section titled "Argument" and a 12-page summary of Section 1983 law, inapplicable to this case and these

defendants.  As currently pled, plaintiff again fails to state a claim.[3]

The Court will allow plaintiff **one final opportunity** to amend before dismissing this case.  In order to state a cause of action that may move forward, in his Third Amended Complaint plaintiff must articulate what each defendant did to violate his civil rights.  In doing so, plaintiff must specify the actions of each defendant individually without lumping defendants together as a collective defendant taking a collective action.  Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count."  Id.  Plaintiff should not include any summary of the law in the Third Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant City of Cape Coral's Motion to Dismiss (Doc. #39) is **GRANTED** and the Second Amended Complaint (Doc. #38) is **dismissed with prejudice** to filing a Third Amended Complaint within **FOURTEEN**

---

[3] City of Cape Coral states that "Code Enforcement City of Cape Coral" does not exist; rather, code compliance is within the City's Department of Community Development.  (Doc. #39, p. 2.)

**(14) DAYS** of this Opinion and Order. **The failure to file a Third Amended Complaint will result in the closure of the case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this  26th  day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record